UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICK DUNNING,

      Plaintiff,      Case No.: 8:11-cv-2340-T-33TGW

v.

TANG THUYEN and ANHING
CORPORATION,

      Defendants.
_____/

<u>**ORDER**</u>

This matter comes before the Court pursuant to Plaintiff's Motion to Strike Affirmative Defenses, or in the alternative, Motion for More Definite Statement (Doc. # 13), filed on January 9, 2012.  Defendants filed a response in opposition (Doc. # 14) on January 19, 2012.  For the reasons that follow, the Court denies the Motion.

**I.**   **Background**

Plaintiff Rick Dunning filed a three-count complaint on October 17, 2011, alleging a claim of negligence against Defendant Tang Thuyen arising out of a motor vehicle accident between Dunning and Thuyen and alleging counts for vicarious liability and dangerous instrumentality against Anhing Corporation, Thuyen's employer. (Doc. # 1).  Defendants filed their answer and affirmative defenses on December 21, 2011. (Doc. # 7).

Plaintiff filed the Motion to Strike Affirmative Defenses, or in the alternative, Motion for More Definite Statement on January 9, 2012, requesting that the Court strike each of the Defendants' fifteen affirmative defenses, or in the alternative, require Defendants to provide a more definite statement as to the affirmative defenses. (Doc. # 13). Defendants filed their response in opposition (Doc. # 14) on January 19, 2012.

## II.  **Analysis**

### A.   **Motion to Strike**

Federal Rule of Civil Procedure 12(f) provides that the Court may order that "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. However, a motion to strike is a drastic remedy disfavored by the courts. Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). "[A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

"An affirmative defense will only be stricken . . . if

-2-

the defense is 'insufficient as a matter of law.'" <u>Microsoft Corp. v. Jesse's Computers & Repair, Inc.</u>, 211 F.R.D. 681, 683 (M.D. Fla. 2002)(quoting <u>Anchor Hocking Corp. v. Jacksonville Elec. Auth.</u>, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). An affirmative defense is insufficient as a matter of law "only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." <u>Id.</u> "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." <u>Reyher</u>, 881 F. Supp. at 576.

Plaintiff does not assert that Defendants' affirmative defenses are patently frivolous or are clearly invalid as a matter of law.   Plaintiff also does not argue that the affirmative defenses are unrelated to the controversy, confuse the issues, or cause prejudice to one of the parties. Instead, Plaintiff asserts that Defendants' affirmative defenses should be stricken as improperly pled because they are "vague and ambiguous conclusions of law, which do not set forth the ultimate facts upon which they are based." (Doc. # 13 at ¶¶ 7-8).  In support of this argument, Plaintiff cites two Florida state court cases that prescribe the pleading

-3-

standard for affirmative defenses under Florida law.

However, Plaintiff is mistaken in asserting that Florida state law applies to the procedural aspects, such as pleading standards, of this diversity case. See Caster v. Hennessey, 781 F. 2d 1569, 1570 (11th Cir. 1986) ("Although Florida substantive law applies to this diversity action, federal procedural law governs."). Accordingly, Federal Rule of Civil Procedure 8 governs the pleading requirements of Defendants' affirmative defenses in this case. See id. ("A federal court need not adhere to a state's strict pleading requirements but should instead follow Fed. R. Civ. P. 8(a).").

Under Federal Rule of Civil Procedure 8, "A party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c).  Rule 8 does not require a defendant to set forth detailed factual allegations. A defendant must simply give the plaintiff "fair notice" of the nature of each defense and the grounds upon which it rests. See Jackson v. City of Centreville, 269 F.R.D. 661, 663 (N.D. Ala. 2010) (noting that the Eleventh Circuit stresses that the purpose of Rule 8(c) is to provide notice).

The Court finds that Defendants' affirmative defenses satisfy the pleading requirements of Rule 8.  Each of the affirmative defenses puts into issue relevant and substantial

-4-

legal and factual questions and gives Plaintiff fair notice of the nature of the defense.  Furthermore, the defenses relate squarely to the controversy, do not confuse the issues, and do not appear to cause prejudice to any party.  To the extent that any of the affirmative defenses are merely statements of law or legal conclusions as argued by Plaintiff, they still "serve the laudable purpose of placing Plaintiff and the Court on notice of certain issues Defendant intends to assert against Plaintiff's claims." Inlet Harbor Receivers, Inc. v. Fid. Nat'l Prop. & Cas. Ins. Co., 2008 WL 3200691, 6:08-cv-346-Orl-19DAB, at *1 (M.D. Fla. Aug. 6, 2008).  The Court thus declines to strike Defendants' affirmative defenses.

### B.   **Motion for More Definite Statement**

Federal Rule of Civil Procedure 12 states that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion . . . must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).  A plaintiff may move for a more definite statement when an answer pleads an unintelligible defense. Exhibit Icons, LLC v. XP Cos., LLC, 609 F. Supp. 2d 1282, 1300 (S.D. Fla. 2009).

-5-

Plaintiff asserts that Defendants' affirmative defenses are not pled with sufficient specificity. From the Court's review of the affirmative defenses, Defendants assert several affirmative defenses intending to lessen or negate their potential liability, including negligence by the Plaintiff, negligence by third parties, road conditions, and unavoidability of the accident. Defendants also assert several affirmative defenses intending to lessen the amount of damages for which they may be held liable, including several specific statutory provisions and case law holdings on which Defendants intend to rely to limit damages.

The Court finds that these affirmative defenses are not so vague or ambiguous as to require amendment. Furthermore, relief is not appropriate under Rule 12(e) because Plaintiff has not described any specific deficiency nor specified the details that he needs regarding any of the defenses. Therefore, the alternative Motion for More Definite Statement is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion to Strike Affirmative Defenses, or in the alternative, Motion for More Definite Statement (Doc. # 13) is **DENIED.**

-6-

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>15th</u> day of March, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:  All Counsel of Record

-7-